### The Law Offices of
## Jonathan R. Whitehead LLC
### 229 SE Douglas, Ste. 210
### Lee's Summit, Missouri 64063

---

Jonathan R. Whitehead
Tel: 1.816.398.8305
Fax: 1.816.278.9131
jon@whiteheadlawllc.com

May 2, 2025

Rachel Oglesby
Chief of Staff
U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202

      Reference: Notice of Request for Religious Accommodation from 34 CFR §668.14, and intent to file suit.

Dear Chief of Staff Oglesby:

      I write on behalf of my client, Hannibal-LaGrange University (HLGU), located in Missouri, to <u>formally request a religious accommodation regarding a regulation adopted in the last months of the Biden administration, 34 CFR §668.14</u>.

      We believe a religious accommodation is clearly required under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq*, and the Constitution. <u>If a religious accommodation cannot be granted quickly, in the coming days HLGU intends to file a lawsuit seeking injunctive relief</u>.

      We also believe 34 CFR §668.14 is a regulation that raises serious constitutional difficulties. As such, we bring it to your attention as a regulation to be identified and reviewed by the Agency Head under Executive Order No. 14,219, 90 Fed. Reg. 10,583 (Feb. 25, 2025) ("Ensuring Lawful Governance and Implementing the President's 'Department Of Government Efficiency' Deregulatory Initiative").

      We would welcome the chance to discuss with you whether the Department might consent to a narrow injunction providing the necessary relief to this religious institution, in light of the priorities set forth by President Trump in his recent Executive Order, "Eradicating Anti-Christian Bias," EO No. 14,202, 90 Fed. Reg. 9,365 (Feb. 6, 2025).  The relief is necessary to protect HLGU's religious freedoms, and to end the prior administration's anti-Christian weaponization of government to interfere with religious institutions.

      Briefly, HLGU has been affiliated with Missouri Baptists since 1857, and its trustees have been elected by messengers from Baptist churches at the Missouri Baptist Convention (MBC) since 1928. The MBC is comprised of approximately 1,800 Missouri Baptist churches. This relationship reflects deeply

held religious convictions that local Baptist churches should maintain the authority to select leaders of Baptist religious institutions.

The newly enacted "Co-Signature Mandate" of the Biden Administration's §668.14 interferes with this religious relationship, by compelling the MBC, an independent religious body, to co-sign HLGU's Program Participation Agreement (PPA). The requirement unconstitutionally burdens HLGU's religious autonomy and subjects its method of selecting church leaders to government oversight. This violates the First Amendment and the Religious Freedom Restoration Act.

The Department has refused to process HLGU's pending PPA amendment unless the Convention of churches assumes liability for the university's obligations, or the MBC gives up its right to pick the school's leaders. This has deprived HLGU of over $500,000 in revenue from willing students under the Prison Pell Grant program. <u>The losses from this one program will continue to accrue at approximately $250,000 per semester, and if HLGU cannot renew its PPA (which expires in 2026), HLGU would be unable to participate in Title IV at all.</u>

<u>This would be catastrophic for HLGU and many denominational colleges like it.</u>

Demanding a church give up its religious rights or face financial penalties is a burden on the free exercise of religion, contrary to the First Amendment and the Religious Freedom Restoration Act. Government should not interfere with or burden religious institutions' choice of leaders.

Moreover, the new requirement conflicts with longstanding principles of nonprofit governance, which explicitly distinguish between "members" and "owners" of charitable organizations. The Biden-era rule contradicts judicial precedent recognizing that non-profits do not have owners, because members do not derive financial benefit from their actions. The mandate also discriminates unfairly, as similarly situated religious institutions that do not elect trustees through denominational structures are not subjected to the same co-signing requirement.

Dr. Robert Matz, HLGU's President, inquired about an appeal process for the Department's decision in an email to Ms. Kathy Feith (of the Department's Kansas City office) on October 21, 2024. To date, no response has been received, leaving HLGU with no alternative but to seek judicial relief. We have also learned that other schools associated with the Missouri Baptist Convention are now being threatened with the loss of participation in Title IV, as well.

If the Department does not act within the next fifteen (15) days to grant a religious accommodation exempting HLGU from the Co-Signature Mandate, we must proceed with filing a lawsuit.

We understand the Department may not be able to grant this request in the short time. However, we believe HLGU's position is strongly consistent with

the Religious Liberty priorities of the Trump administration. We welcome discussions about whether the Department might agree to a consent judgment or injunction that preserves HLGU's ability to participate in Title IV programs without compromising its religious identity.

We urge the Department to reconsider its position and to respect HLGU's religious liberties by approving its PPA without imposing unconstitutional conditions.

Of course, we welcome input from the Department, and you can reach me directly at jon@whiteheadlawllc.com, or 816.398.8305.

Sincerely,

Jonathan R. Whitehead
Attorney for Hannibal-LaGrange University

cc: Steve Schaefer, Deputy Assistant Secretary

Madison Kirven, Special Assistant, Office of Post Secondary Education